Mr. Justice Thacher
delivered the opinion of the court.
This is an action of assumpsit upon a promissory note instituted in the circuit court of Rankin county.
The defendant in the action filed first a plea in abatement, and at a subsequent term the general issue, with a notice of set-off. No replication was filed to the plea in abatement, nor any notice taken of it, which is the first ground claimed as error. There was a verdict for the plaintiff, but a new trial having been allowed by the circuit court, the same result occurred upon the second trial.
It is true that by our statute, H. & H. 597, sec. 43, it is made lawful for a defendant in any suit to plead as many pleas in bar *658 of the action as he shall choose, although some of the pleas may be to the party, or the character of the party suing. And by our decision in James v. Dowell, 7 S. & M. 333, this statute was construed to embrace pleas in abatement. Yet we are inclined to think, that this statute was designed to refer to pleas' pleaded at one and the same term of court, and that certainly, in a case like this, when after a plea in abatement and at a subsequent term of court, the plea of general issue is pleaded, it must be deemed as a waiver by the pleader of his plea in abatement.
But the circuit court in this case refused to admit proof of the set-off filed with the plea of the general issue.
At common law, proof of payment was admissible under the general issue. Gould’s Pi. Pt. 1, ch. 6, sec. 47. Our statute of January 28, 1820, (H. & H. 590, sec. 7,) authorizes a defendant to prove any payment or set-off, provided an account of such payment or set-off, stating their nature, be filed with the plea, or the plea itself plainly and particularly describes it. The statute of June 28, 1822, (H. & H. 615, sec. 5,) authorizes the plea of-payment in the state of case prescribed therein. We held in Kershaw v. The Merchants Bank of New York, 7 How. 396, where the defendant filed an account against the plaintiff, with his plea of the general issue, that it was competent to make proof of the account in that state of pleadings. Unquestionably, however, the most appropriate plea to produce such an issue is the plea of payment, as we held in Houston v. Smith, 2 S. & M. 597, and Henry v. Hoover, 6 Ib. 417. In these cases, the plea of set-off was filed. This plea is unknown to our law, or the common law; but given by the English statute. Our statutes give the plea of payment as a substitute for the plea of set-off. The common law rule, therefore, as to proof under the general issue, in that particular, holds in this state, provided the account be filed with that plea.
Judgment reversed, and new trial awarded.